USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 95-1660 UNITED STATES OF AMERICA, Appellee, v. AUGUSTO DEJESUS RESTREPO-AGUILAR, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Rosenn, Senior Circuit Judge,* ____________________ and Lynch, Circuit Judge. _____________ ____________________ Robert D. Watt, Jr., for appellant. ___________________ Margaret E. Curran, Assistant United States Attorney, with whom ___________________ Sheldon Whitehouse, United States Attorney, and Craig N. Moore, ___________________ ________________ Assistant United States Attorney, were on brief, for the United States. ____________________ January 30, 1996 ____________________  ____________________ *Of the Third Circuit, sitting by designation. LYNCH, Circuit Judge. Augusto Restrepo-Aguilar pleaded _____________ guilty to a charge of unlawful reentry into the United States after deportation. At sentencing, the district court added 16 offense levels under U.S.S.G. 2L1.2(b)(2) to Restrepo- Aguilar's Guidelines sentence, based on a finding that he had been previously "deported after a conviction for an aggravated felony." The sole issue presented is whether the term "aggravated felony" as used in 2L1.2(b)(2) of the Guidelines includes as a "felony" a state drug possession offense that would be only a misdemeanor under federal law, but is a felony under the laws of the convicting state. This question under the Guidelines is one of first impression in this Circuit, and we answer it in the affirmative. We hold that the district court was required to increase the defendant's Guidelines sentence by 16 offense levels, and so affirm. I In 1985, Restrepo-Aguilar, a citizen of Colombia, was arrested by Rhode Island authorities on a charge of violating the state's drug laws. After cooperating with the state in obtaining the arrests of others, he pleaded nolo contendere ____ __________ to an amended charge of simple cocaine possession, a felony under Rhode Island law, punishable by a maximum of three years in prison. He was sentenced to 2 years of probation. -2- 2 In December of 1988, a federal deportation warrant issued for Restrepo-Aguilar's arrest. He was finally apprehended on July 7, 1994, in Miami, Florida and was subsequently deported. In January of 1995, he resurfaced illegally in Providence, Rhode Island, where he was arrested by Immigration and Naturalization Service agents. He admitted that he had never applied for permission to reenter the country. He was indicted and pleaded guilty to one count of unlawful reentry into the United States after deportation, in violation of 8 U.S.C. 1326. The defendant was sentenced under 2L1.2 of the Sentencing Guidelines.1 That guideline sets a base offense level ("BOL") of 8 for a conviction of unlawfully entering or remaining in the United States. The guideline then provides: "If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels." U.S.S.G. 2L1.2(b)(2) (Nov. 1994).2  ____________________ 1. Defendant was sentenced in June 1995, under the November 1994 edition of the Guidelines. All citations are to that edition. 2. Section 2L1.2(b) implements the statutory sentence enhancement provisions of 8 U.S.C. 1326(b), which increases the maximum authorized term of imprisonment for aliens convicted under that statute who previously have been deported following a conviction for a felony or an aggravated felony. See United States v. Forbes, 16 F.3d 1294, 1300 n.9 ___ ______________ ______ (1st Cir. 1994). The term "aggravated felony" as used in 1326(b)(2) is defined at 8 U.S.C. 1101(a)(43). That definition is substantially the same (in relevant part) as the one that appears in application note 7 to U.S.S.G. 2L1.2. -3- 3 The sentencing court concluded that the defendant's pre- deportation state conviction for possession of cocaine, a felony under Rhode Island law, qualified as an "aggravated felony" within the meaning of 2L1.2(b)(2), and accordingly increased defendant's BOL from 8 to 24. With a three-level reduction for acceptance of responsibility under U.S.S.G. 3E1.1, and a criminal history category of II, defendant's Guidelines sentencing range was 41-51 months.3 The court imposed a final sentence of 41 months. Restrepo-Aguilar contends that because a first-time conviction for simple possession of cocaine is punishable only as a misdemeanor under federal law,4 his 1985 state _______ conviction for cocaine possession cannot be classified as an "aggravated felony" for purposes of the Sentencing Guidelines. The government argues that an offense need not be punishable as a felony under federal law in order to be an "aggravated felony" under 2L1.2(b)(2) so long as the  ____________________ 3. In contrast, the defendant's total offense level, adjusted for a two-level credit for acceptance of responsibility under U.S.S.G. 3E1.1(a), would have been 6, corresponding to a Guidelines sentencing range of 1-7 months (assuming a criminal history category of II), had no enhancement been applied. 4. Because a conviction under the Controlled Substances Act for a first offense of simple possession of cocaine is punishable by no more than one year in prison, see 21 U.S.C. ___ 844(a), such a conviction would be for a Class A misdemeanor under the general federal classification scheme, see 18 U.S.C. 3559(a). ___ -4- 4 offense is punishable as a felony under the law of the state of conviction. II The controlling definition of the term "aggravated felony" is set forth in application note 7 to U.S.S.G. 2L1.2. That commentary provides in relevant part: "Aggravated felony," as used in subsection (b)(2), means . . . any illicit trafficking in any controlled substance (as defined in 21 U.S.C. 802), including any drug trafficking crime as defined in 18 U.S.C. 924(c)(2); . . . or any attempt or conspiracy to commit any such act. The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law . . . . U.S.S.G. 2L1.2, comment. (n.7) (Nov. 1994). Section 924(c)(2) provides, in turn: [T]he term "drug trafficking crime" means any felony punishable under the Controlled Substances __________________________________________________ Act (21 U.S.C. 801 et seq.), the Controlled ___ Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.). 18 U.S.C. 924(c)(2) (emphasis added). Restrepo-Aguilar contends that his 1985 cocaine possession offense is excluded from the definition of "drug trafficking crime" and is not an "aggravated felony" under 2L1.2(b)(2) because it would be classified as a misdemeanor under federal law.5 The question posed, then, is whether  ____________________ 5. He also argues more broadly that the offense of simple possession of cocaine is not an aggravated felony because it does not fall within the common definition of drug -5- 5 first-time cocaine possession, "whether in violation of federal or state law," U.S.S.G. 2L1.2, comment. (n.7), is an "aggravated felony" if it is a felony under applicable state law but is punishable only as a misdemeanor under the federal Controlled Substances Act ("CSA"). Restrepo-Aguilar bases his argument on a particular reading of the Guidelines and on the recent decision by the Board of Immigration Appeals in In Re L-G-, Interim Decision ___________ 3254, 1995 WL 582051 (BIA Sept. 27, 1995), interpreting the term "aggravated felony" under the immigration laws. He appropriately concedes that the BIA's decision is flatly inconsistent with the Second Circuit's opinion in Jenkins v. _______ INS, 32 F.3d 11 (2d Cir. 1994), and that there is language in ___ various opinions by this Circuit disfavoring his position. We believe that the text of the relevant provisions forecloses his argument and that the Second Circuit's reading is preferable to that of the BIA. The defendant's interpretation is not consistent with the definition of "aggravated felony" set forth in the commentary to 2L1.2. His argument is contrary to the application note's instruction that the definition is to be applied to offenses "whether in violation of federal or state  ____________________ "trafficking." We reject this contention without further discussion, as it is clearly foreclosed by the decision of this court in United States v. Rodriguez, 26 F.3d 4, 6 (1st ______________ _________ Cir. 1994). -6- 6 law." It also contradicts the definition of "felony" explicitly provided in the CSA, which is referred to in the application note. Defendant reads 18 U.S.C. 924(c)(2) as if it defined "drug trafficking crime" as any offense punishable as a __ _ felony under the CSA. But that is not how 924(c)(2) is ______ _____ written. The statutory definition plainly does not require that an offense, in order to be a drug trafficking crime, be subject to a particular magnitude of punishment if prosecuted under the CSA, as defendant's preferred reading would suggest. Rather, the definition requires only that the offense be a "felony punishable" thereunder. Indeed, this court has expressly interpreted 924(c)(2)'s definition of "drug trafficking crime" as encompassing two separate ________ elements: (1) that the offense be punishable under the Controlled Substances Act (or one of the other two statutes identified); and (2) that the offense be a felony. United ______ States v. Forbes, 16 F.3d 1294, 1301 (1st Cir. 1994); see ______ ______ ___ also United States v. Rodriguez, 26 F.3d 4, 6 (1st Cir. ____ ______________ _________ 1994); Jenkins, 32 F.3d at 14 (following Forbes and Amaral v. _______ ______ ______ INS, 977 F.2d 33, 36 n.3 (1st Cir. 1992)). We adhere to this ___ established interpretation and reject the defendant's contrary construction. Section 924(c)(2)'s definition of "drug trafficking crime" by its terms includes "any felony" that is ___ -7- 7 criminalized under the CSA. The definition does not limit its application to offenses that would be classified as felonies if prosecuted under federal law. Furthermore, the CSA itself defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. 802(13). Under the CSA's unambiguous definition, a state offense (of the type within the scope of the CSA) which is classified as a felony under the law of the convicting state would clearly qualify as a felony for that definition's purposes, even if the offense could be punished only as a misdemeanor under federal law. See Forbes, 16 F.3d ___ ______ at 1301 n.10; Amaral, 977 F.2d at 36 n.3. As Judge Walker ______ has cogently observed, Section 802(13)'s explicit reliance on state classifications represents a Congressional choice to include within the category of 'felony' offenses under the Controlled Substances Act . . . those crimes deemed serious enough by states to warrant felony treatment within their jurisdictions. Jenkins, 32 F.3d at 14. _______ There is no reason to suppose that either Congress or the Sentencing Commission, in defining "aggravated felony" by reference to 18 U.S.C. 924(c)(2), which in turn specifically relies on the CSA, was unaware of or chose to dismiss the definition of "felony" provided there. Indeed, quite the opposite is likely to be true. The CSA's primary purpose in carving out a class of offenses as felonies is _______ -8- 8 precisely the same as Congress' purpose in doing so in 8 U.S.C. 1326(b) and the Sentencing Commission's purpose in implementing that statute in 2L1.2(b): to establish a basis for the imposition of sentence enhancements. See, ___ e.g., 21 U.S.C. 841(b) (providing increased maximum ____ sentence for defendants with a prior felony conviction). The Commission intended the "aggravated felony" sentence enhancement to operate harmoniously with the specific definition given to the term "felony" in the CSA, the very statute by reference to which "aggravated felony" is ultimately defined. Cf. Greenwood Trust Co. v. Commonwealth ___ ___________________ ____________ of Mass., 971 F.2d 818, 827 (1st Cir. 1992) (when a statute _________ borrows language from another statute, the two statutes should be read consistently), cert. denied, 113 S. Ct. 974 _____ ______ (1993). We hold that a state drug offense is properly deemed a "felony" within the meaning of 18 U.S.C. 924(c)(2) as incorporated by application note 7 to U.S.S.G. 2L1.2, if the offense is classified as a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law. See 21 U.S.C. ___ 802(13). In Rhode Island, a first offense of simple possession of cocaine carries a maximum term of imprisonment of three years, see R.I. Gen. Laws 21-28-4.01(C)(1)(a), and ___ is therefore a felony under the laws of that jurisdiction. -9- 9 See R.I. Gen. Laws 11-1-2 (defining "felony" as an offense ___ punishable by a term of imprisonment exceeding one year); cf. ___ 18 U.S.C. 3559(a) (categorizing as felonies all offenses not otherwise classified by the statutes defining the offenses that are punishable by prison terms exceeding one year). Restrepo-Aguilar's 1985 cocaine possession offense was thus a felony under Rhode Island law and qualifies as "any felony" within the meaning of 18 U.S.C. 924(c)(2). Since that offense is also punishable under the CSA, see 21 ___ U.S.C. 844(a), it qualifies as a "drug trafficking crime" under 924(c)(2) and hence as an "aggravated felony" for purposes of U.S.S.G. 2L1.2(b)(2). Beyond purely textual considerations, this result is most consistent with the approach favored by the Sentencing Guidelines. In measuring the seriousness of a defendant's criminal record, the Guidelines operate on the foundational premise that a defendant's history of criminal activity in violation of state law is to be treated on a par with his _____ history of crimes committed in violation of federal law. To this end, the commentary to the Guidelines' central criminal history provision states: "[p]rior convictions [that are relevant to a defendant's criminal history category] may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts." U.S.S.G. 4A1.1, comment. -10- 10 (backg'd). This principle that criminal history cannot be viewed through a purely federal lens is also reflected in the commentary to the "aggravated felony" enhancement at issue here which at bottom is nothing more than a criminal history adjustment, albeit a severe one, for prior offenses of a particular kind. U.S.S.G. 2L1.2, comment. (n.7) (directing that the enhancement be applied to prior offenses of the relevant sort "whether in violation of federal or state law"). The Sentencing Commission fully recognized that the seriousness of any particular state offense in a defendant's record might be viewed differently across jurisdictional lines. To the objection that the result reached today could mean variations in federal criminal sentences for illegal aliens based on whether the 50 states classify offenses as felonies or not, the response is that any such lack of uniformity is the consequence of a deliberate policy choice by Congress and the Commission that we cannot disregard. See, e.g., U.S.S.G. 4A1.2(o) (defining "felony offense" by ___ ____ reference to penalty authorized by federal or state law, such __ that determination whether offense is felony could vary from state to state); 4B1.2, comment. (n.3) (same); cf. Jenkins, ___ _______ 32 F.3d at 14. Our result is also consistent with other provisions in the Sentencing Guidelines that use the term "felony." The -11- 11 offense of cocaine possession is punishable in Rhode Island by a term of imprisonment of up to three years. See R.I. ___ Gen. Laws 21-28-4.01(C)(1)(a). Even apart from the unambiguous definition of "felony" provided in the CSA, see ___ 21 U.S.C. 802(13), categorizing defendant's 1985 possession offense as a felony is fully consistent with the definition of that term that pervades the criminal history and prior offense enhancement provisions scattered throughout the Guidelines: any federal or state offense punishable under __ applicable law by a term of imprisonment of more than one year. See U.S.S.G. 4A1.2(o); see also U.S.S.G. 2D1.1, ___ _________ comment. (n.16(a)), 2K1.3, comment. (n.4), 2K2.1, comment. (n.5), 4A1.1, comment. (backg'd), and 4B1.2, comment. (n.3); cf. 18 U.S.C. 3559(a). Nothing in 2L1.2(b)(2), the ___ accompanying commentary, or the related statutes requires us to adhere to a different understanding of "felony" here. The recent decision of the Board of Immigration Appeals in In Re L-G-, Interim Decision 3254, 1995 WL 582051 (BIA ___________ Sept. 27, 1995), does not persuade us otherwise. The decision in L-G- did not involve any consideration of the ____ aggravated felony sentence enhancement at issue here.6 At stake in L-G- was, instead, the petitioner's right to apply ____  ____________________ 6. This court's decision in Amaral v. INS, 977 F.2d 33 (1st ______ ___ Cir. 1992) and the Second Circuit's decision in Jenkins  _______ both of which, in any event, support our holding here could be distinguished on this same ground. -12- 12 for asylum and request withholding of deportation under 8 U.S.C. 1158 & 1253(h). To be sure, the decision turned on the definition of "aggravated felony" as set forth in 8 U.S.C. 1101(a)(43), which, in relevant part, is the same as the definition provided in application note 7 to U.S.S.G. 2L1.2, but the relevant context was different. The BIA's decision rested to a significant degree on policy concerns relating to the consequences flowing from a deportation decision or a decision on an application for asylum,7 without regard to any of the policies that inform the meaning of "aggravated felony" in the context of the statutory prior offense enhancement or its implementation in the Sentencing Guidelines.8 That the BIA was persuaded by some of the policies undergirding deportation and asylum determinations to interpret "aggravated felony" as excluding state- classified felonies punishable only as misdemeanors under federal law does not convince us that Congress, in creating  ____________________ 7. See, e.g., L-G-, slip op. at 20 (stating concern that ___ ____ ____ alien found to have been convicted of aggravated felony might be "barred by [the immigration statutes] from receiving withholding of deportation, even if he faced imminent harm or death due to persecution in his native country"). 8. One of the reasons given by the BIA for disregarding the definition of "felony" provided in the CSA is that "the term 'felony' is primarily used in 21 U.S.C. 802(13) to trigger statutory sentence enhancement for repeat offenders," L-G-, ____ slip op. at 16, rather than "to describe offenses that are punishable under its provisions." This distinction weighs in favor of, not against, the use of the CSA's definition in applying the sentence enhancement provision of U.S.S.G. 2L1.2(b)(2). -13- 13 the aggravated felony sentence enhancement, or the Sentencing Commission, in implementing it, intended the same result.9 We decline to adopt the BIA's reasoning here.10 III Because the cocaine possession offense for which defendant Restrepo-Aguilar was convicted in 1985 under the laws of Rhode Island counts as "any felony" in the requisite sense and is criminalized by the Controlled Substances Act, that offense is a "felony punishable under the Controlled Substances Act" and thus falls within the definition of "drug trafficking crime" set forth in 18 U.S.C. 924(c)(2), as adopted in U.S.S.G. 2L1.2, comment. (n.7). Accordingly, that offense qualifies as an "aggravated felony" for purposes of 2L1.2(b)(2), and the district court correctly enhanced  ____________________ 9. Moreover, the BIA's analysis suffers from one of the same difficulties that lead us to reject the defendant's argument here. The BIA reads 18 U.S.C. 924(c)(2) as if that statute required an offense to be punishable as a felony under the __ _ ______ _____ Controlled Substances Act in order to be a "drug trafficking crime." Indeed, the BIA at several places in its decision paraphrases 924(c)(2)'s definition in just that way. L-G-, ____ slip op. at 7, 9, 11, 13, 22-23. This alteration of the statute's actual syntax is more than merely cosmetic, and indeed is substantively inconsistent with the construction of 924(c)(2) given in Rodriguez, 26 F.3d at 6; Forbes, 16 F.3d _________ ______ at 1301; and Amaral, 977 F.2d at 35. ______ 10. Because we are not bound by the BIA's L-G- decision in ____ any sense, we need not decide whether the term "aggravated felony" could, in principle, bear a different interpretation for purposes of sentence enhancement under 8 U.S.C. 1326(b) and the Guidelines, than for purposes of the statutory provisions concerning asylum and withholding of deportation, 8 U.S.C. 1158 & 1253(h). -14- 14 defendant's base offense level by 16 levels pursuant to that guideline.11 Affirmed. _________  ____________________ 11. Of course, if we are wrong, the Commission can correct us by amending 2L1.2(b)(2) or the accompanying commentary. -15- 15